[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK**

No. 05-10065
Non-Argument Calendar
_____

Agency Docket No. 12-CV-23440

NATIONAL LABOR RELATIONS BOARD,

Petitioner-Cross Respondent,

versus

FISHER ISLAND HOLDINGS, LCC,
FISHER ISLAND CLUB, INC., et al.,

Respondents-Cross Petitioners.

_____

Application for Enforcement of an Order
of the National Labor Relations Board

_____

**(July 20, 2005)**

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

The National Labor Relations Board ("NLRB") applies to this court for

enforcement of its order issued against Fisher Island Holdings, LLC ("Fisher"). For

the reasons stated in Member Meisburg's dissenting opinion, we conclude that NLRB's finding that Fisher violated 29 U.S.C. § 158(a)(1) is not supported by substantial evidence. *See Int'l Bhd. of Boilermakers v. NLRB*, 127 F.3d 1300, 1306 (11th Cir. 1997). NLRB's application for enforcement of its cease and desist order is therefore denied. NLRB's order requiring that a new employee representation election be held is not a final order within the meaning of § 160(f) and is therefore unreviewable at this time. *See Florida Bd. Of Bus. Regulation v. NLRB*, 686 F.2d 1362, 1366 n.8 (11th Cir. 1982); *see also Cooper/T. Smith, Inc. v. NLRB*, 177 F.3d 1259, 1261 n.1 (11th. Cir 1999) (stating that an employer can obtain review of a Board representation decision only by refusing to bargain after a union is certified). For that reason, NLRB's application for enforcement must be denied in full.

DENIED.